IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADRIENNE HENNING,

    Plaintiff,                                No. CIV S-05-0531 FCD KJM PS

    vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.                          FINDINGS AND RECOMMENDATIONS

/

        Defendants' motion for summary judgment is pending before the court. Upon review of the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, plaintiff alleges claims under 42 U.S.C. § 1983 arising out of a search of her home by officers of the Sacramento County Sheriff's Department. The search followed the arrest of plaintiff's son at her home. The County and Sheriff's Department move for summary judgment, contending plaintiff cannot identify any policy that caused plaintiff to suffer a constitutional deprivation. A municipality may only be found liable under § 1983 for violation of an individual's constitutional rights when official policy "'causes' an employee to violate another's constitutional rights." <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 692 (1978). Plaintiff fails to adduce any evidence of an official policy giving rise to the

1  constitutional violation alleged here and at deposition could not identify any such policy.
2  Deposition of Adrienne Henning at 119:25-121:20.  Summary judgment should therefore be
3  granted for the municipal defendants.
4        The individual defendants move for summary judgment on the ground they are
5  entitled to qualified immunity.  "Government officials enjoy qualified immunity from civil
6  damages unless their conduct violates 'clearly established statutory or constitutional rights of
7  which a reasonable person would have known.'"  Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir.
8  2001) (per curiam) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  The threshold
9  question for a court required to rule on the qualified immunity issue is whether the facts alleged,
10  taken in the light most favorable to the plaintiff, demonstrate that the defendants' conduct
11  violated a statutory or constitutional right.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  If no such
12  right would have been violated were the plaintiff's allegations established, "there is no necessity
13  for further inquiries concerning qualified immunity."  Id.  If, on the other hand, a statutory or
14  constitutional right was violated, the court must inquire "whether the right was clearly
15  established."  Id.  Summary judgment based on qualified immunity is appropriate if the law did
16  not put the defendants on notice that their conduct would be clearly unlawful.  Id. at 202.
17        Because qualified immunity is an affirmative defense, the burden of proving the
18  defense lies with the official asserting it.  Harlow, 457 U.S. at 812; Houghton v. South, 965 F.2d
19  1532, 1536 (9th Cir. 1992); Benigni v. City of Hemet, 879 F.2d 473, 479 (9th Cir. 1989).  Where
20  the official moves for summary judgment on a qualified immunity defense, the official bears the
21  initial burden of establishing the absence of a genuine issue of fact on issues material to the
22  affirmative defense.  Houghton, 965 F.2d at 1537.
23        Defendants contend they are entitled to qualified immunity because plaintiff's son
24  was a resident of plaintiff's house and was on formal searchable probation at the time of the
25  incident.  Thus, defendants argue, the warrantless search of plaintiff's home was not
26  unreasonable.  Defendants argument misapprehends the gravamen of plaintiff's complaint.

Plaintiff not only contests the entry into her home; in both the complaint and opposition, plaintiff objects to the manner in which the search was conducted and the associated destruction of her property.

The "touchstone of the Fourth Amendment is reasonableness," which "is measured in objective terms by examining the totality of the circumstances." Ohio v. Robinette, 519 U.S. 33, 39 (1996) (quoting Florida v. Jimeno, 500 U.S. 248, 250 (1991)). "Excessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment, even though the entry itself is lawful . . . ." United States v. Ramirez, 523 U.S. 65, 71 (1998). Here, plaintiff alleges her window blinds and curtains were torn and thrown on the floor, papers, mail and pictures were cast about, her carpet was ruined with blood, bedrooms other than her son's were searched and the doors thereto - and every other door in the house - severely damaged, plaintiff's velvet and silk bedding and pajamas were ruined and her brand new luggage torn and ripped. Compl. at 3:16-4:2; see also Deposition of Adrienne Henning at 66, 86-87, 130, 133, 136, 176-178, 181-184. Whether it is reasonable to conduct a search of plaintiff's premises after her son was in custody in such a manner that, among other things, her designer bedding and pajamas were destroyed by the defendants' K-9 dog is a material issue that must be decided by the trier of fact.[1] See Deposition of Adrienne Henning at 183-184; see also Decl. of Darren Mayo in Supp. of Def'ts' Mot. for Summ. J., ¶¶ 5-6 (probation search of residence directed after son's arrest); Decl. of Michael Haynes in Supp. of Def'ts' Mot for Summ. J., ¶¶ 4-5 (same; entry into house to effect arrest made through one back window). Defendants have failed to meet their initial burden on the affirmative defense of qualified immunity. Summary judgment as to the individual defendants should therefore be denied.

/////

////

---

[1] For these reasons, defendants' argument that they are entitled to discretionary immunity on plaintiff's state law claims must fail as well.

1    For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

2    1. The motion for summary judgment of defendants Sacramento County and

3 Sacramento County Sheriff's Department be granted; and

4    2. The motion for summary judgment of the individual defendants be denied.

5    These findings and recommendations are submitted to the United States District

6 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

7 days after being served with these findings and recommendations, any party may file written

8 objections with the court and serve a copy on all parties.  Such a document should be captioned

9 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

10 shall be served and filed within ten days after service of the objections.  The parties are advised

11 that failure to file objections within the specified time may waive the right to appeal the District

12 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

13 DATED: November 16, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
henning.57

4